UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Andres R. Sosa,<br>      *Plaintiff*,<br><br>      *v.*<br><br>Theresa Lantz,<br>      *Defendant*. | Civil No. 3:09cv869 (JBA)<br>PRISONER<br><br><br>September 2, 2009 |

INITIAL REVIEW ORDER AND ORDER DENYING PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER

Plaintiff Andres R. Sosa, currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed this action *pro se* under 42 U.S.C. § 1983 and a number of other statutes.  In the case caption of his Complaint he lists as defendants Commissioner of Correction Theresa Lantz "et al.," but in the body of the Complaint Plaintiff lists two additional defendants—Governor M. Jodi Rell and State Senate Judiciary Committee Chairman Andrew J. McDonald.

Plaintiff alleges that he has been denied a single cell for many years despite his statements to mental health staff that he will kill his cellmate if he is required to share a cell. He contends that his Eighth and Fourteenth Amendment rights have been violated by being forced to share a cell with another inmate because the cell is too small for two persons and does not include sufficient furnishings for two persons.  Plaintiff also includes allegations regarding conditions of confinement, overcrowding and retaliatory transfer.  Finally, Plaintiff alleges that the defendants have "forc[ed] [him] to double cell with a Muslim and cho[sen] not to assign me or them to different cells," thus "forc[ing] [him] to participate and

support the Muslim religion because [he] ha[s] to hear [his] cell-mate[]s pray out loud to their Muslim god five times a day [e]specially at 5:30 a.m. in [the] [A]rabic language" and "act[ing] in favor of a particular religion (Muslim)" in violation of the First Amendment.

In his Complaint, Plaintiff seeks damages as well as declaratory and injunctive relief. Plaintiff has also filed a motion for a temporary restraining order and preliminary injunction seeking the same relief.  (*See* Mot. TRO & Prelim. Inj. [Doc. # 6].)

Plaintiff states that he brings this action pursuant to the following statutes: 5 U.S.C. § 701(a)(2); 5 U.S.C. § 706; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 3006A(g); 18 U.S.C. § 3626; 18 U.S.C. § 4042; 18 U.S.C. § 4081; 28 U.S.C. § 1331; 28 U.S.C. § 1331(A); 28 U.S.C. § 1342(A)(3); 28 U.S.C. § 1343, 1343(a)(3), 1343(3); 28 U.S.C. § 1915(d); 28 U.S.C. § 1988; 28 U.S.C. §§ 2201–2202; 42 U.S.C. § 1983; 42 U.S.C. § 1985, 1985(2), 1985(3); 42 U.S.C. § 1986; 42 U.S.C. § 1988(b); 42 U.S.C. § 1997(a)–(c) and §§ 1997 *et seq.* (the Civil Rights of Institutionalized Persons Act, Pub. L. 96-247, 94 Stat. 349, as amended); 42 U.S.C. § 2000h; 42 U.S.C. § 2000bb; and Conn. Gen. Stat, § 18-87 *et seq.*

I.      Initial Review Order

        A.      Standards

This Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), and must dismiss "any portion of the complaint" that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary

relief from a defendant who is immune from such relief," *id.* § 1915A(b).  The Second

Circuit has explained the term "frivolous" thus:

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly
> baseless,' such as when allegations are the product of delusion or fantasy;" or
> (2) "the claim is 'based on an indisputably meritless legal theory.'"  A claim
> is based on an "indisputably meritless legal theory" when either the claim
> lacks an arguable basis in law, or a dispositive defense clearly exists on the
> face of the complaint.

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted)

(discussing terms as applied in 28 U.S.C. § 1915(e)(2)(B)(1), which requires dismissal of *in

forma pauperis* actions that are "frivolous or malicious").

When reviewing a *pro se* complaint the Court assumes the truth of the allegations

and interprets the complaint liberally "to raise the strongest arguments it suggests."  *Abbas

v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required,

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft

v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 556, 557 (2007)).

Even under this plausibility standard, however, "[a] document filed *pro se* is to be

liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

3

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted).[1] Moreover, the Second Circuit has "frequently reiterated that '*[s]ua sponte* dismissal of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored,'" a rule that "stems in part from the limited legal knowledge and resources available to *pro se* plaintiffs, which may hamper their ability to articulate potentially valid claims in legally cognizable language." *McEachin v. McGuinnis*, 357 F.3d 197, 200–01 (2d Cir. 2004) (citation omitted).

    B.    Claims Without Arguable Basis in Law

    As discussed below, the Court concludes that Plaintiff's constitutional claims against Commissioner Lantz survive initial review, but his claims against Governor Rell and Senator McDonald must be dismissed, and that he has not shown entitlement at this juncture to a temporary restraining order or preliminary injunction.

    Most of the statutes Plaintiff invokes do not provide a private right of action and many are irrelevant to his claims. Sections 701 and 706 of title 5 deal with federal agencies and judicial review, but no federal agency action is implicated by Plaintiff's allegations.

---

    [1] Plaintiff has filed a "Motion for Exception" urging that because he is proceeding *pro se*, his "pleading[s] must be viewed without regard for technicalities." (Mot. Exception [Doc. # 4] (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("we hold to less stringent standards than formal pleadings drafted by lawyers" a complaint filed by a *pro se* plaintiff))). Because Plaintiff seeks the same liberal construction of his Complaint as that mandated by *Erickson* and *McEachin*, and evidenced in this Order, his motion is denied as moot.

Thus, his claims under these statutes clearly "lack[] an arguable basis in law" and must be dismissed under 28 U.S.C. § 1915A.

Title 18 contains federal criminal statutes,[2] which provide no basis for Mr. Sosa's claims because private persons cannot institute criminal prosecutions in the United States,[3] Mr. Sosa is a state prisoner confined in state, not federal Bureau of Prisons custody, this is neither a *habeas corpus* petition nor a criminal prosecution to which § 3006A could apply, and the injunctive relief to which Mr. Sosa may be entitled provides no source of rights nor a private right of action.  Since these statutes provide no basis for Mr. Sosa's action, his claims under these sections of Title 18 similarly "lack[] an arguable basis in law" and are dismissed under 28 U.S.C. § 1915A.

There is also no "arguable basis in law" for Mr. Sosa's reliance on a number of other statutes.  28 U.S.C. §§ 1331(A), 1342(A)(3), and § 1343(3) do not exist.  As to other sections

---

[2] Plaintiff references section 241, which criminalizes "conspir[acies] to injure, oppress, threaten, or intimidate any person" in violation of federal law; section 242, which criminalizes willful discrimination on the basis of citizenship or race; section 3006A, which pertains to appointment of counsel in federal criminal and habeas corpus proceedings; section 3626, which restricts injunctive relief awarded to prisoners; section 4042, which sets forth the duties of the federal Bureau of Prisons and section 4081, which controls the "[c]lassification and treatment of prisoners" by the federal Bureau of Prisons.

[3] *See, e.g.*, Act of Sept. 24, 1789, ch. 20, § 35, 1 Stat. 92–93 (Judiciary Act of 1789) (creating U.S. attorney for each district "whose duty it shall be to prosecute in such district all delinquents for crimes and offences, cognizable under the authority of the United States"); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 718 n.12 (2004) (citing the "creat[ion] [of] the office of the district attorney" in Judiciary Act § 35 for the proposition that the Act "may have . . . put[] foreigners on notice that they would no longer be able to prosecute their own criminal cases in federal court").

of title 28, Plaintiff cites two statutes that confer subject-matter jurisdiction on federal district courts—§ 1331 provides district courts with subject-matter jurisdiction over claims arising under federal law, and § 1343 provides district courts with "original jurisdiction of any civil action authorized by law to be commenced by any person" seeking vindication of federal civil rights or voting rights—but provide no substantive rights.  Section 1342, which limits district courts' power to enjoin the "[r]ate orders of State agencies," is irrelevant to Mr. Sosa's action.  And section 1915(d) provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in" *in forma pauperis* cases and specifies the individuals responsible for serving process in this action, but provides no substantive rights or private rights of action.  For these reasons, Plaintiff's claims under 28 U.S.C. §§ 1331, 1331(A), 1342, 1342(A)(3), 1343, 1343(3), 1343(a)(3), and 1915(d) have no "arguable basis in law" and are dismissed pursuant to 28 U.S.C. § 1915A.

Plaintiff's claims under a number of other statutes have no legal merit.  He asserts a claim under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, but RFRA was held unconstitutional as applied to the states for exceeding Congress's power under § 5 of the Fourteenth Amendment.  *See City of Boerne v. Flores*, 521 U.S. 507 (1997).  Second, 42 U.S.C. § 2000h, which entitles "the accused" "to a trial by jury" in certain "proceeding for criminal contempt," is irrelevant to any claim Mr. Sosa asserts.  Mr. Sosa's claims under both of these statutes are dismissed pursuant to 28 U.S.C. § 1915A.

Plaintiff also invokes 42 U.S.C. §§ 1997(a)–(c) and 1997 *et seq.* Section 1997 sets out definitions and does not have subsections (a), (b) or (c). Morever, these statutes—42 U.S.C. §§ 1997–1997j—permit the U.S. Attorney General to bring suit for constitutional deprivations to state prisoners where "such deprivation is pursuant to a pattern or practice," § 1997a(a), and to intervene in individual lawsuits where he or she has "reasonable cause to believe" that the "egregious or flagrant" conditions at issue in the suit "is pursuant to a pattern or practice," § 1997c(a)(1), and while it does not preclude "[s]uit[s] by prisoners," it conditions such suits on the exhaustion of administrative remedies, permits *sua sponte* dismissal of claims in the same circumstances as 28 U.S.C. § 1915A, and provides prisoners no substantive rights, *see* § 1997e.[4] Therefore, Plaintiff's claims under 42 U.S.C. §§ 1997(a)–(c) and 1997 *et seq.* are dismissed pursuant to 28 U.S.C. § 1915A.

Plaintiff brings claims pursuant to 42 U.S.C. §§ 1985 and 1986. The first two subsections of § 1985 clearly are not relevant to this action. Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties, and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal

---

[4] This statute also permits an award of limited attorney's fees "[i]n any action . . . in which attorney's fees are authorized under section 1988 of this title," § 1997e(d), but does not permit *pro se* plaintiffs to recover attorney's fees, and the caselaw has permitted recovery under this section only to attorneys representing prisoner-plaintiffs. *Cf. Chatin v. Coombe*, 186 F.3d 82, 90–91 (2d Cir. 1999) (rejecting prisoner-plaintiff's argument "that the right to recover fees lies with the plaintiff, not the plaintiff's attorneys" in case regarding retroactive effects of "the fee-cap provisions of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(d)(3)").

judicial proceedings.  Section 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws, is not a "general federal tort law," and does not provide a cause of action based on the denial of due process or other constitutional rights.  *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971); *id.* 102 ("The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment.").  A claim pursuant to § 1985(3) requires proof that: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws, with the conspiracy being motivated by a racial or otherwise class-based invidious discriminatory animus; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege. *Id.* 102–03.  Because Plaintiff alleges no facts suggesting that any actions were taken because of his race or other unlawful discriminatory animus, there is no "arguable basis in law" for his claim under section 1985(3), and it must be dismissed pursuant to 28 U.S.C. § 1915A.  Plaintiff also states that he brings this action pursuant to 42 U.S.C. § 1986, which provides a basis for claims against a person who, "having power to prevent or aid in preventing the commission" of a violation of 42 U.S.C. § 1985, "neglects or refuses so to do."  Thus, a viable claim under § 1985 is a prerequisite for an actionable claim under § 1986, and because Plaintiff's claim

under § 1985 has been dismissed, so too must his claim under § 1986 must be dismissed pursuant to 28 U.S.C. § 1915A.

Plaintiff also lists 28 U.S.C. § 1988 and 42 U.S.C. § 1988 as bases for his claims. There is no section 1988 in Title 28, and 42 U.S.C. § 1988 is inapplicable to his action. Section 1988(a) provides that the district courts shall exercise their jurisdiction over civil right cases in conformity with federal law where appropriate, or with state law. It provides no independent cause of action. *Moor v. Alameda County*, 411 U.S. 693, 705 (1973) ("[Section 1988] was obviously intended to do nothing more than to explain the source of law to be applied in actions brought to enforce the substantive provisions of the [the 1866 Civil Rights Act]."). If Plaintiff seeks "a reasonable attorney's fee as part of the costs" of his action pursuant to § 1988(b), or "expert fees as part of the attorney's fee" "under subsection (b) of this section" pursuant to § 1988(c), these claims must fail, for "a *pro se* litigant who is not a lawyer is not entitled to attorney's fees" under § 1988. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (emphases omitted). Therefore, Plaintiff's claims under § 1988 are dismissed pursuant to 28 U.S.C. § 1915A.

In the body of the complaint, Plaintiff lists Governor Rell and Senate Judiciary Committee Chairman McDonald as defendants, but he makes no reference to either person in the lengthy statement of his claims. He appears to include them as defendants merely because of the positions they occupy. In an action filed pursuant to 42 U.S.C. § 1983, liability is imposed only on the official causing a constitutional violation, and Plaintiff alleges

9

no facts regarding Rell or McDonald.  Because "the doctrine of respondeat superior standing alone does not suffice to impose liability for damages under section 1983 on a defendant acting in a supervisory capacity," *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003) (citing *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 691 (1978)), supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort.  In the absence of any factual allegations stating a plausible claim against either Rell or McDonald, Plaintiff's claims against them are dismissed.

Plaintiff's remaining claims—regarding double-celling, prison overcrowding, retaliatory transfer, and imposition of religious preferences—are not "based on . . . indisputably meritless legal theor[ies]," and therefore dismissal pursuant to § 1915A is not warranted.

III.    Preliminary Injunction and Temporary Restraining Order

Plaintiff seeks a temporary restraining order and preliminary injunction in order to provide him with the same relief he seeks in filing the action: an end to Defendant's alleged practice of placing him in cells with less than 50 square feet of living and sleeping space per person, and for the Defendant to pair him with a non-Muslim cellmate so as to end what he alleges is the Defendant's forcing him to support Islam.  In other words, given his own description of his incarceration with a Muslim cellmate in a cell providing less than 50 square feet per person, Plaintiff clearly seeks a modification of the status quo.

A.      Temporary Restraining Order

The Court has discretion whether to issue a temporary restraining order where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).  However, given the relief Plaintiff seeks, a temporary restraining order is inappropriate here, because "[t]he purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers School Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (quoting *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter*, 306 F.2d 840, 842 (2d Cir. 1962)); *see also Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1125 (2d Cir. 1989) ("While Rule 65 permits the grant of a temporary restraining order without notice, such an order, as is indicated by the very word 'restraining', should issue only for the purpose of preserving the status quo[.]").  Here, because Plaintiff seeks a temporary restraining order that would provide him with affirmative relief *changing* the status quo, he has not shown "specific facts" that "clearly show" his entitlement to a temporary restraining order, and for this reason his motion for a temporary restraining order will be denied.

11

B.       Preliminary Injunction

In addition, Plaintiff is not entitled to a preliminary injunction.  Under the standards

governing either "ordinar[y]" preliminary injunctions or those governing "'mandatory'

injunction[s]" that require alteration of the status quo—the latter form of injunction being

at issue here—Mr. Sosa has not made the showing necessary to demonstrate that a

preliminary injunction is warranted.  As the Second Circuit has recently explained:

> A party seeking a preliminary injunction ordinarily must show: (1) a
> likelihood of irreparable harm in the absence of the injunction; and (2) either
> a likelihood of success on the merits or sufficiently serious questions going
> to the merits to make them a fair ground for litigation, with a balance of
> hardships tipping decidedly in the movant's favor.  When the movant seeks
> a "mandatory" injunction—that is, as in this case, an injunction that will alter
> rather than maintain the status quo—[]he must meet the more rigorous
> standard of demonstrating a "clear" or "substantial" likelihood of success on
> the merits.

*Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008) (citations omitted).

Plaintiff's claims do not currently present likelihood of success on the merits.  First,

Plaintiff's claim that the U.S. Constitution requires that prisons provide inmates "with at

least 50 square feet of living and sleeping space per person" is of questionable legal merit,

given that the Supreme Court rejected an almost-identical claim in 1981.  *See Rhodes v.

Chapman*, 452 U.S. 337, 347–48 (1981) (finding "insupportable" the "conclusion that double

celling . . . constitutes cruel and unusual punishment" where prison provided "63 square feet

[per cell] shared by double-celled inmates"); *see also Smith v. Fairman*, 690 F.2d 122, 123–26

(7th Cir. 1982) (holding that double-celling inmates in cells of 64.5 square feet and 55.3

square feet did not violate the Eighth Amendment).  Second, his allegations that Defendant

has supported, and forced him to support, Islam simply by failing to place him with a non-

12

Muslim cellmate, fails to demonstrate likelihood of success on the merits, since they reflect no action *on the part of prison officials* to impose the religion of Mr. Sosa's cellmates on Mr. Sosa himself. *See, e.g.*, *Lee v. Weisman*, 505 U.S. 577, 587 (1992) (explaining that the Establishment Clause prohibits "[a] *state-created* orthodoxy") (emphasis added); *Cooper v. United States Postal Serv.*, Nos. 07-4825-cv (L), 07-4826-cv (Con), --- F.3d ----, 2009 WL 2526489, *8, 2009 U.S. App. LEXIS 18806, *24–*25 (2d Cir. Aug. 20, 2009) ("[t]he Fourteenth Amendment, and, through it, the First . . . Amendment[], do not apply to private parties unless those parties are engaged in activity deemed to be 'state action.'"); *see also Peck ex rel. Peck v. Baldwinsville Central School Dist.*, 426 F.3d 617, 634 (2d Cir. 2005) (noting that Establishment Clause protects against government actions); *Jarecke v. Hensley*, 552 F. Supp. 2d 261, 266 (D. Conn. 2008) ("Sharing a cell with another inmate is not unconstitutional."). Because Plaintiff has shown no "likelihood of success on the merits," no "'substantial' likelihood of success on the merits," and no "serious questions going to the merits," his motion for a preliminary injunction will be denied.

IV.    Motion for Service

Plaintiff has filed a "Motion for Request of Service" seeking an order requiring the U.S. Marshal to "serve [his] Motion for [a Temporary Restraining Order] and Preliminary [I]njunction, memorandum of law, [d]eclaration in support, and [e]xhibits in support," on Defendant. (Mot. Service [Doc. # 5] at 1.) Because the Court has denied the motion he seeks to have served, his Motion for Request of Service is moot, and will be denied as such.

V.      Orders

In accordance with the foregoing analysis, the Court enters the following Orders:

(1)      All claims pursuant to 5 U.S.C. §§ 701 and 706; 18 U.S.C. §§ 241, 242, 3006A, 3626, 4042, and 4081; 28 U.S.C. §§ 1331(A), 1342(A)(3), 1343(3), 1915(d), and 1988; and 42 U.S.C. §§ 1985, 1986, 1988, 1997(a)–(c), and 1997 *et seq*., as well as any claims against Governor Rell and Senate Judiciary Chairman McDonald, are DISMISSED pursuant to 28 U.S.C. § 1915A.  The case will proceed against Defendant Lantz on Plaintiff's First, Eighth and Fourteenth Amendment claims of unconstitutional double-celling, prison overcrowding, retaliatory transfer, and imposition of religious preferences.

(2)      The Pro Se Litigation Office shall ascertain the current work address for Defendant Lantz from the Department of Correction Office of Legal Affairs and mail a waiver of service of process request packet to her in her individual capacity by September 17, 2009, and report to the Court on the status of that waiver request by October 7, 2009.  If the defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)      The Pro Se Prisoner Litigation Office shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on Defendant Lantz in her official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, Connecticut 06141, by September 17, 2009, and to file return of service by September 21, 2009.

(4)     The Pro Se Prisoner Litigation Office shall send written notice to the Plaintiff of the status of this action, along with a copy of this Order.

(5)     Defendant shall file her response to the complaint by November 11, 2009.  If she chooses to file an answer, she shall admit or deny the allegations and respond to the remaining cognizable claims recited above.  She also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by April 2, 2010.  Discovery requests need not be filed with the Court.

(7)     All motions for summary judgment shall be filed by May 3, 2010.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion may be granted absent objection.

(9)     After Defendant has responded to the Complaint, Plaintiff may not amend his complaint to include any additional claims or defendants without first obtaining leave of the Court.

(10)    Plaintiff's Motion for Exception [Doc. # 4] is denied as moot (*see* note 1).

     (11)    Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. # 6] is denied.

     (12)    Plaintiff's Motion for Service [Doc. # 5] is denied as moot.


               IT IS SO ORDERED.


                  /s/
              Janet Bond Arterton, U.S.D.J.


       Dated at New Haven, Connecticut this 2d day of September, 2009.

16