UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Andres R. Sosa,<br>    *Plaintiff*,<br><br>    v.<br><br>Theresa Lantz,<br>    *Defendant.* | Civil No. 3:09cv869 (JBA)<br>PRISONER<br><br><br>January 4, 2010 |

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. # 12]

Plaintiff Andres R. Sosa moves for reconsideration of the Court's Initial Review Order, in which the Court dismissed as defendants Governor M. Jodi Rell and State Senate Judiciary Committee Chairman Andrew J. McDonald. The Court held that Plaintiff

> makes no reference to either person in the lengthy statement of his claims. He appears to include them as defendants merely because of the positions they occupy. In an action filed pursuant to 42 U.S.C. § 1983, liability is imposed only on the official causing a constitutional violation, and Plaintiff alleges no facts regarding Rell or McDonald. Because "the doctrine of respondeat superior standing alone does not suffice to impose liability for damages under section 1983 on a defendant acting in a supervisory capacity," *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003) (citing *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 691 (1978)), supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort. In the absence of any factual allegations stating a plausible claim against either Rell or McDonald, Plaintiff's claims against them are dismissed.

(IRO [Doc. # 7] at 9–10.) In moving for reconsideration, Plaintiff, who proceeds *pro se*, argues that he has stated viable claims against both Rell and McDonald. He argues that "Rell is the [G]overnor and [should] know of the inmate[s'] [p]rison [p]opulation number" as well as their having been double-celled, and that she could therefore be held liable under 42 U.S.C. § 1986. However, this statute provides a cause of action against persons who "hav[e] power

to prevent or aid in preventing the commission of" a conspiracy under 42 U.S.C. § 1985 but "neglect[] or refuse[]" to prevent such conspiracy, and as the Court explained in the Initial Review Order, Plaintiff did not assert a viable conspiracy claim under § 1985 or, therefore, a viable claim under § 1986:

> Plaintiff brings claims pursuant to 42 U.S.C. §§ 1985 and 1986. . . . Because Plaintiff alleges no facts suggesting that any actions were taken because of his race or other unlawful discriminatory animus, there is no "arguable basis in law" for his claim under section 1985(3), and it must be dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff also states that he brings this action pursuant to 42 U.S.C. § 1986, which provides a basis for claims against a person who, "having power to prevent or aid in preventing the commission" of a violation of 42 U.S.C. § 1985, "neglects or refuses so to do." Thus, a viable claim under § 1985 is a prerequisite for an actionable claim under § 1986, and because Plaintiff's claim under § 1985 has been dismissed, so too must his claim under § 1986 must be dismissed pursuant to 28 U.S.C. § 1915A.

(IRO at 7–9.) The lack of a viable § 1985 claim precludes his assertion of a claim under § 1986. Plaintiff's motion for reconsideration of dismissal of Rell asserts no matter that the Court overlooked in dismissing his claims under 42 U.S.C. §§ 1985 and 1986, and it therefore must be denied. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (standard for reconsideration is "strict" and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

Plaintiff also argues that Rell and McDonald should not have been dismissed because he stated viable supervisory-liability claims against them under 42 U.S.C. § 1983. A complaint

sets forth a claim for supervisory liability under § 1983 when it alleges "personal involvement" of the supervisor, which the Second Circuit has "construed . . . to mean direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).  In addition, liability may be imposed for a supervisor's "deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut*, 352 F.3d at 753.  Plaintiff correctly recognizes that he "must demonstra[t]e 'an affirmative causal link between the supervisor's inaction and [his] injury.'" (Pl.'s Mem. Supp. Reconsid. at 4 (quoting *Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).)

Plaintiff recites the correct standard, but as the Court observed in the Initial Review Order, his complaint "makes no reference to" and "alleges no facts regarding" either Rell or McDonald (IRO at 9–10), and so there can be no inference of their "direct participation" in creating the conditions of imprisonment of which Plaintiff complains or any "affirmative causal link" between Rell or McDonald and those conditions.  The complaint does not assert facts supporting an inference that they "fail[ed] to remedy" those conditions "after learning of [them]," that they "creat[ed] a policy or custom" permitting or requiring those conditions, that they were "gross[ly] negligen[t] in managing subordinates," or that they were "deliberate[ly] indifferen[t]" to Plaintiff's rights in "failing to act on information" regarding those conditions.  His assertion that McDonald's and Rell's holding positions of authority, combined with Plaintiff having suffered an alleged constitutional deprivation, means that they were "grossly negligent in managing the officer[]s that the[y] supervised" (Mem. Supp. at 4),

3

simply conclusorily recites the supervisory-liability standard without any supporting facts, and thus does not make out a viable claim for their supervisory liability under § 1983.

Plaintiff also asserts, correctly, that he "may . . . sue a town, city or county when [it] has a policy or custom that was the 'moving force' behind the violation" complained of. (Mem. Supp. at 5.) *See Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) ("municipalities and other local governmental bodies are 'persons' within the meaning of § 1983" but may be held liable only where "*deliberate* action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights"). But states—unlike municipalities and other "local government units"—are not subject to liability under *Monell*, s*ee Monell*, 436 F.3d at 690–91 & 690 n.54 (observing that Eleventh Amendment immunity does not extend to "local government units"), and by Plaintiff's own telling Rell and McDonald are officials of the State, not of any "local government unit[]," so to the extent he intends to sue the State of Connecticut by naming Rell and McDonald as defendants, his § 1983 claim against them is not viable.

Plaintiff having failed to point to matters overlooked by the Court in dismissing Plaintiff's § 1983 claims against Rell and McDonald, his motion for reconsideration of those dismissals must be denied.

For the reasons stated above, Plaintiff's Motion for Reconsideration [Doc. # 12] is DENIED.

                IT IS SO ORDERED.

                /s/
                Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of January, 2010.